JOHN C. RAWLS (BAR NO. 106567)
SARAH SILBERT (BAR NO. 198594)
**FULBRIGHT & JAWORSKI L.L.P.**
865 South Figueroa Street, 29th Floor
Los Angeles, California 90017
Telephone: (213) 892-9200
Facsimile: (213) 680-4518

MARK N. MUTTERPERL
**FULBRIGHT & JAWORSKI L.L.P.**
666 Fifth Avenue,
New York, New York 10103
Telephone: (212) 318-3000
Facsimile: (212) 318-3400

Attorneys for Defendant and Counterclaimant
JUPITERMEDIA CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA IN SAN FRANCISCO

| | |
|---|---|
| JUPITER HOSTING, INC., a Delaware Corporation,<br><br>　　　　Plaintiff and<br>　　　　Counterclaim-defendant,<br><br>　v.<br><br>JUPITERMEDIA CORPORATION, a Delaware Corporation,<br><br>　　　　Defendant and<br>　　　　Counterclaimant. | CIVIL ACTION NO. C 04 1820 BZ<br><br>**ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT AND COUNTERCLAIMS FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND VIOLATION OF ANTICYBERSQUATTING CONSUMER PROTECTION ACT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant and counterclaimant Jupitermedia Corporation, ("Jupitermedia") hereby submits its Answer to the Complaint and Counterclaims against plaintiff and counterclaim-defendant Jupiter Hosting, Inc. ("Jupiter Hosting").

## ANSWER TO COMPLAINT

Defendant and counterclaimant Jupitermedia, for its Answer to the Complaint of plaintiff and counterclaim-defendant Jupiter Hosting, herein admits, denies and alleges as follows:

25417079.1

1

1. As to the allegations in paragraph 1 of the Complaint, Jupitermedia admits and alleges that plaintiff and counterclaim-defendant Jupiter Hosting seeks the declaratory relief described therein.

## JURISDICTION AND VENUE

2. As to the allegations in paragraph 2 of the Complaint, Jupitermedia admits and alleges that the plaintiff and counterclaim-defendant has purported to raise claims over which this Court has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201 and has sought to invoke original jurisdiction pursuant to 28 U.S.C. §§ 1338 and the Lanham Act.

3. Jupitermedia does not contest the appropriateness of Jupiter Hosting's invocation of the Declaratory Judgment Act.

4. Jupitermedia admits the allegations in paragraph 4 of the Complaint.

5. As to the allegations in paragraph 5 of the Complaint, Jupitermedia admits and alleges that plaintiff and counterclaim-defendant has purported to raise claims over which this Court has subject matter jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and has sought to invoke federal question and original jurisdiction pursuant to 28 U.S.C. §§ 1338 and 15 U.S.C. §§ 1051 *et seq*.

6. Jupitermedia does not contest venue in this judicial district.

## PARTIES

7. Jupitermedia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7 of the Complaint, and on that basis denies all such allegations.

8. Jupitermedia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8 of the Complaint, and on that basis denies all such allegations.

9. Jupitermedia admits and alleges that its principal place if business is located at 23 Old Kings Highway South, Darien, Connecticut, 06820. Jupermedia further admits and alleges that its business services include providing global real-time news, information, research and

media resources for information technology, Internet industry and graphics professionals. Except as so admitted and alleged, Jupitermedia denies the allegations in paragraph 9 of the Complaint.

10. Jupitermedia admits that Jupiter Hosting has used the "Jupiter Hosting" name in association with Web hosting and infrastructure services. Jupitermedia is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 10 of the Complaint, and on that basis denies all such allegations.

11. As to the allegations in paragraph 11 of the Complaint, Jupitermedia admits and alleges that it has accused Jupiter Hosting of trademark infringement by Jupiter Hosting's use of the "Jupiter Hosting" name. Jupitermedia denies any knowledge of any investment made by, or good will accrued to, Jupiter Hosting. Jupitermedia is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 11 of the Complaint, and on that basis denies all such allegations.

12. As to the allegations in paragraph 12 of the Complaint, Jupitermedia admits and alleges that its counsel has stated in writing that the "Jupiter Hosting" name is confusingly similar to Jupitermedia's trademarks; that plaintiff and counterclaim-defendant's use of the "Jupiter Hosting" name is injurious to Jupitermedia; and has demanded that plaintiff and counterclaim-defendant stop using the "Jupiter Hosting" name in a manner likely to cause confusion.

13. Jupitermedia admits the allegations in paragraph 13 of the Complaint.

## FACTS AND BACKGROUND

14. In response to paragraph 14 of the Complaint, Jupitermedia incorporates herein by reference each and every admission, allegation and denial contained in paragraphs 1 through 13, above.

15. Jupitermedia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 15 of the Complaint, and on that basis denies all such allegations.

16. Jupitermedia admits the allegations in paragraph 16 of the Complaint.

17. Jupitermedia admits the allegations in paragraph 17 of the Complaint.

18. Jupitermedia denies the allegations in paragraph 18 of the Complaint to the extent they may be interpreted to claim that Jupitermedia owns no federal trademark registrations including the term "JUPITER" or has filed no applications for federal registration of marks including the term "JUPITER." Jupitermedia admits and alleges that it owns the following federal Trademark Registrations: Nos. 2,831,449 and 2,529,289 for the mark JUPITERRESEARCH; Nos. 2,220,399, 2,227,942, 2,220,400 and 2,157,968 for the mark JUPITER; Nos. 2,227,357, 2,193,452 and 2,221,253 for the mark JUPITER COMMUNICATIONS; No. 2,529,288 for the mark JUPITERVIEW; No. 2,521,661 for the mark JUPITER CONSUMER ONLINE FORUM; No. 2,495,494 for the mark JUPITER ONLINE ADVERTISING FORUM; and No. 2,497,610 for the mark JUPITER SHOPPING FORUM. Jupitermedia admits the remaining allegations in paragraph 18 of the Complaint.

19. Jupitermedia denies the allegations in paragraph 19 of the Complaint to the extent they may be interpreted to claim that Jupitermedia has filed no additional applications for registration of marks including the term "JUPITER." Jupitermedia admits and alleges that, in addition to its application for registration of the JUPITERMEDIA mark, Jupitermedia has filed applications with the United States Patent and Trademark Office for the registration of the mark JUPITEREVENTS (Serial No. 76/462,091), JUPITERDIRECT (Serial No. 76/466,316) and JUPITERMEDIA (Serial No. 76/462,090). Jupitermedia admits the remaining allegations in paragraph 18 of the Complaint.

20. Jupitermedia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 20 of the Complaint, and on that basis denies all such allegations.

21. Jupitermedia denies the allegations of paragraph 21 of the Complaint.

22. Jupitermedia admits that Jupiter Hosting makes the denials set forth in paragraph 22 of the Complaint. Jupitermedia further admits and alleges that it offers services including, but not limited to, providing global real-time news, information, research and media resources for information technology, Internet industry and graphics professionals; producing conferences and tradeshows related to, among other things, information technology; publishing, among other

things, email newsletters; maintaining and providing online databases and lists, including lists and/or databases of Web Hosting providers, Web site designers and ISPs; licensing software applications to Web sites and Web site owners and operators; selling on-line advertising to clients including Web Hosting providers. Except as so admitted and alleged, Jupitermedia denies the remaining allegations in paragraph 22 of the Complaint.

23. Jupitermedia denies that its allegations of trademark infringement have harmed Jupiter Hosting in any manner. Nevertheless, Jupitermedia does not contest the appropriateness of Jupiter Hosting's invocation of the Declaratory Judgment Act.

24. Jupitermedia denies that its allegations of trademark infringement have harmed Jupiter Hosting in any manner. Nevertheless, Jupitermedia does not contest the appropriateness of Jupiter Hosting's invocation of the Declaratory Judgment Act.

## COUNT TWO

25. In response to paragraph 25 of the Complaint, Jupitermedia incorporates herein by reference each and every admission, allegation and denial contained in paragraphs 1 through 24, above. Subject to the foregoing admissions, allegations and denials, Jupitermedia denies the allegations in paragraph 25 of the Complaint.

## <u>COUNTERCLAIMS</u>

For its Counterclaim in this action against plaintiff and counterclaim-defendant Jupiter Hosting, defendant and counterclaimant Jupitermedia alleges as follows:

## INTRODUCTION

1. Plaintiff and counterclaim-defendant Jupiter Hosting has sought improperly to profit from Jupitermedia's investment in its trademarks and the reputation Jupitermedia has developed by registering the infringing domain name <jupiterhosting.com> and operating from that domain name a Web site that offers services that are closely related to those offered by Jupitermedia. Further, Jupitermedia is informed and believes and thereupon alleges that Jupiter Hosting has caused or assisted in the registration of the <jupiterhosting.net>, <jupiterhosting.biz> and <jupiterhosting.org> domain names and/or is providing Web hosting services to the registrant of the domain names.

2. Jupiter Hosting seeks to connect the "Jupiter Hosting" name and mark in the minds of consumers with marks owned and Web sites operated by Jupitermedia incorporating the term "JUPITER" (collectively, the "Jupitermedia Marks") by incorporating the term "Jupiter" into the <jupiterhosting.com> domain name and the Jupiter Hosting business and brand name. Thus, Jupiter Hosting seeks simultaneously to trade off of the goodwill the Jupitermedia Marks have come to enjoy among consumers, and to reduce the overall value of that goodwill by associating the Jupitermedia Marks with services from unrelated sources. As a result of Jupiter Hosting's actions, the value of the Jupitermedia Marks are being diminished and consumers are being mislead and confused. Jupermedia's counterclaims seek damages for the harm Jupiter Hosting has caused to date and injunctive relief to prevent any further injury to Jupitermedia.

## JURISDICTION AND VENUE

3. Subject matter jurisdiction over the claims asserted in this Counterclaim is based upon: (i) 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) as an action arising under the Lanham Act, 15 U.S.C. §§ 1051 *et. seq.*, and the Anticybersquatting Consumer Protection Act, 15 U.S.C. §§ 1125(d); and (ii) 28 U.S.C. § 1332(a) as an action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Subject matter jurisdiction over those of Jupitermedia's claims that arise under state law is based upon the principles of supplemental jurisdiction set forth in 28 U.S.C. § 1367, and the provisions of 28 U.S.C. § 1338(b) as an action asserting a claim for trademark infringement and unfair competition joined with a substantial and related claim under the federal trademark laws.

4. Jupitermedia is informed and believes and thereupon alleges that venue of this action is proper in the district pursuant to 28 U.S.C. § 1391(b).

### The Parties

5. Defendant and Counterclaimant Jupitermedia is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Darien, Connecticut. Jupitermedia is the owner of the following federal trademark registrations incorporating the term "JUPITER," many of which have been used as early as 1986 in connection

with services related to on-line business and marketing:

| Trademark | First Use Date | Reg. Date | Reg. No. | Goods/Services |
|---|---|---|---|---|
| JUPITER RESEARCH | 1/1/00 | 1/15/2002 | 2,529,289 | Publications re: computer and online commerce and marketing, IT (16); Business consulting and research, namely, providing research, projections for businesses, conducting trade shows and online computer databases (35); Financial planning and research in the fields of computer and online commerce (36); and Computer consulting services re: media and online tech. (42) |
| JUPITERRESEARCH | 9/4/02 | 4/13/2004 | 2,831,449 | Electronic publications re: info tech, online marketing and advertising, market trends, etc. (9); Printed reports re: info tech, online marketing and advertising, etc. (16); and Business research, market research, consumer research, conducting business surveys, business and management consultation (35) |
| JUPITER | 11/1/86 | 1/26/1999 | 2,220,399 | Computer consulting services, namely, providing research and analysis of interactive media and computer systems and techn. (42) |
| JUPITER | 11/1/86 | 3/2/1999 | 2,227,942 | Periodic publications, namely, newsletters, research reports and books, in the field of on-line business and marketing, interactive media and computer tech. (16) |
| JUPITER | 11/1/86 | 1/26/1999 | 2,220,400 | Providing business research and strategic planning in the field of online business and marketing, interactive media and computer tech. (35) |
| JUPITER | 11/1/86 | 5/19/1998 | 2,157,968 | Conducting trade shows and conferences re: online business and marketing, media and computer tech (35); Computer services, namely, providing access to computer databases in the field of on-line business and marketing, media and computer tech (42) |
| JUPITER COMMUNICATIONS | 11/1/86 | 3/2/1999 | 2,227,357 | Periodic publications, namely, newsletters, research reports and books, in the field of on-line business and marketing, interactive media and computer tech. (16) |
| JUPITER COMMUNICATIONS | 11/1/86 | 10/6/1998 | 2,193,452 | Conducting trade shows and conferences, providing business research and strategic planning in the field of online business and marketing, interactive media and computer tech (35) |
| JUPITER COMMUNICATIONS | 11/1/86 | 2/2/1999 | 2,221,253 | Computer consulting services, namely, providing research and analysis of interactive media and computer systems and techn. (42) |
| JUPITERVIEW | 1/1/00 | 1/15/02 | 2,529,288 | Business research re: computer and online commerce and marketing, media and consumer and business-to-business communication technologies (35) |
| JUPITER CONSUMER ONLINE FORUM | 1/1/92 | 12/25/01 | 2,521,661 | Conducting business conferences and trade shows in the field of consumer and business-to- |

| Trademark | First Use Date | Reg. Date | Reg. No. | Goods/Services |
|---|---|---|---|---|
| | | | | business comm. and tech. and commerce (35) |
| JUPITER ONLINE ADVERTISING FORUM | 1/1/96 | 10/9/01 | 2,495,494 | Conducting business conferences and trade shows in the field of consumer and business-to-business comm. and tech. and commerce (35) |
| JUPITER SHOPPING FORUM | 1/1/98 | 10/16/01 | 2,497,610 | Conducting business conferences and trade shows in the field of consumer and business-to-business comm. and tech. and commerce (35) |

In addition to the foregoing federal trademark registrations, Jupitermedia has filed several applications with the United States Patent and Trademark Office for registration of marks incorporating the term "JUPITER" in connection with services related to on-line business and marketing, including the following:

| Trademark | First Use Date | App. Date | Serial No. | Goods/Services |
|---|---|---|---|---|
| JUPITERDIRECT | 9/12/02 | 11/13/02 | 76/466,316 | On-line search, ordering and retail services featuring reports in the fields of info tech, online marketing and adv, market trends, investments, etc. (35) |
| JUPITEREVENTS | 9/4/02 | 10/28/02 | 76/462,091 | Arranging and conducting trade show exhibitions in the field of info tech (35); Arranging and conducting educational conferences and seminars in the field of info. tech. (41) |
| JUPITERMEDIA | 9/4/02 | 10/28/02 | 76/462,090 | Conducting trade shows re: info technologies (35), educ conf. and seminars and online magazines re: info tech. (41), customized online web pages and providing links to other web pages, software and DB mgmt (42) |

Jupitermedia also operates Web sites from the following URLs incorporating the term "JUPITER" and corresponding to certain of the Jupitermedia's trademarks: <jupitermedia.com>, <jupiterresearch.com> and <jupiterevents.com>.

6. Plaintiff and counterclaim-defendant Jupiter Hosting is a corporation organized under the laws of the State of Delaware, with its principal place of business in Santa Clara, California. Jupitermedia is informed and believes, and on that basis alleges, that Jupiter Hosting offers services related to on-line business and marketing, including Web hosting services.

<u>Jupiter Hosting's Misappropriation and Misuse of the Jupitermedia Marks</u>

7. Defendant and counterclaimant is informed and believes, and on that basis alleges, that plaintiff and counterclaim-defendant Jupiter Hosting engaged in a scheme to register a domain name, operate a Web site and seek federal registration for a mark incorporating the term

"Jupiter," the primary, distinctive element of Jupitermedia's name, marks and corresponding Web sites, while offering services closely related to those offered by Jupitermedia under the Jupitermedia Marks. On a date unknown to Jupitermedia but believed, based on the "WHOIS" records of the concerned registrar, to be in or after October 2001, Jupiter Hosting registered the domain name <jupiterhosting.com>. Sometime thereafter, Jupiter Hosting began to operate an Internet Web site from that URL offering Web-hosting and related services.

8. Jupitermedia first became aware of Jupiter Hosting's scheme after Jupiter Hosting, on or about January 30, 2004, filed an application with the United States Patent and Trademark Office to register "JUPITER HOSTING" as a trademark. Jupitermedia is informed and believes and thereupon alleges that Jupiter Hosting chose to use the "Jupiter Hosting" domain and business name with the intent and purpose of trading off of the goodwill that the Jupitermedia Marks currently enjoy and/or misleading consumers.

9. The Jupiter Hosting domain name, business name and Web site create a likelihood that consumers will be misled and confused as to the source of the services offered by Jupiter Hosting and/or the affiliation, sponsorship or endorsement of Jupiter Hosting by Jupitermedia. The likelihood of such confusion is increased by the fact that Jupiter Hosting chose a domain and business name that incorporate the primary, distinctive element of the Jupitermedia Marks, and that Jupiter Hosting offers services that are closely-related to the services offered by Jupitermedia under the Jupitermedia Marks. The strong likelihood of confusion created by Jupiter Hosting's actions is demonstrated by evidence of actual consumer confusion between Jupiter Hosting and Jupitermedia and/or their services.

10. As a result of the foregoing, Jupitermedia's reputation is being injured and the value and distinctiveness of the Jupitermedia Marks are being diminished. Jupitermedia is informed and believes and thereupon alleges that, absent the intervention of this Court, Jupiter Hosting's illegal actions will continue and Jupitermedia and consumers will continue to be harmed.

11. Defendant and counterclaimant is informed and believes, and on that basis alleges, that plaintiff and counterclaim-defendant is receiving financial gain by reason of its unauthorized

use of the <jupiterhosting.com> domain name, operation of the Jupiter Hosting Web site and use of the Jupiter Hosting name. Moreover, Jupiter Hosting can, absent an injunction, further profit from its infringing activities by using the <jupiterhosting.com> domain name in other ways, such as linking to third-party Web sites, allowing advertising on the <jupiterhosting.com> Web site in exchange for commissions, "selling" the name, or pointing Internet users who seek to reach the <jupiterhosting.com> Web site to third-party sites in exchange for "click-through" revenues from such sites.

## First Claim for Relief

(for Trademark Infringement, 15 U.S.C. § 1114(1))

12. Jupitermedia specifically realleges and incorporates by reference each and every allegation set forth above in paragraphs 1 through 11.

13. Jupitermedia owns federal trademark registrations for, and has filed additional applications for registration of, marks incorporating the term "JUPITER," set forth above in paragraph 4 of this Counterclaim ("Jupitermedia Marks"). Jupitermedia uses the Jupitermedia Marks as a designation of source and quality for its services.

14. Jupiter Hosting is using a colorable imitation of the Jupitermedia Marks in a manner that is likely to confuse, deceive and/or cause mistake among consumers and therefore is infringing defendant and counterclaimant's rights in the Jupitermedia Marks in violation of 15 U.S.C. § 1114(1).

15. Jupitermedia has no adequate remedy at law for Jupiter Hosting's infringement of the Jupitermedia Marks, in that: (i) the Jupitermedia Marks are unique and valuable property, injury to which cannot adequately be compensated by monetary damages; (ii) the injury to Jupitermedia resulting from the infringement are not precisely and fully ascertainable; (iii) the infringement injures and threatens to continue to injure Jupitermedia' reputation and goodwill; and (iv) the injury resulting to Jupitermedia from Jupiter Hosting's wrongful conduct, and the conduct itself, are continuing, and Jupitermedia would be required to bring a multiplicity of suits to achieve full redress for the injuries caused thereby.

16. Unless restrained, Jupiter Hosting's infringement of the Jupitermedia Marks will continue to cause irreparable injury to Jupitermedia, both during the pendency of this action and thereafter. Jupitermedia is therefore entitled to an order from this Court preliminarily and permanently enjoining Jupiter Hosting and its agents, employees and others acting in concert with them, from directly or indirectly infringing the Jupitermedia Marks in any manner, including by using the <jupiterhosting.com> domain name or the Jupiter Hosting business name, or any other name, mark, domain name, design or logo that is confusingly similar to the Jupitermedia Marks, in connection with the sale, offer for sale, advertising or promotion of any goods or services.

17. Jupitermedia is further entitled to recover damages sustained in consequence of Jupiter Hosting's wrongful conduct, in an amount to be determined; to recover Jupiter Hosting's profits; and to recover Jupitermedia's attorneys' fees and costs herein. Based upon the circumstances of the case, including the willful nature of Jupiter Hosting's conduct, Jupitermedia is further entitled to recover treble the amount found as actual damages pursuant to 15 U.S.C. § 1117.

## Second Claim for Relief

(for violation of 15 U.S.C. § 1125(a))

18. Jupitermedia specifically realleges and incorporates herein by reference each and every allegation set forth above in paragraphs 1 through 11.

19. The acts of Jupiter Hosting alleged herein, including its use of a very close variation on the Jupitermedia Marks, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Jupiter Hosting or Jupiter Hosting's services with Jupitermedia, or as to the sponsorship, or approval of Jupiter Hosting's services or commercial activities by Jupitermedia. Jupiter Hosting's actions further misrepresent the nature, characteristics or qualities of Jupiter Hosting's services or commercial activities.

20. Jupitermedia has no adequate remedy at law for the foregoing wrongful conduct of Jupiter Hosting, in that: (i) Jupiter Hosting's actions injure and threaten to continue to injure Jupitermedia' unique and valuable property, injury to which cannot adequately be compensated by monetary damages; (ii) the injury to Jupitermedia from Jupiter Hosting's

wrongful actions is not precisely and fully ascertainable; (iii) the wrongful acts of Jupiter Hosting injure and threaten to continue to injure Jupitermedia' reputation and goodwill; and (iv) the injury resulting to Jupitermedia from Jupiter Hosting's wrongful conduct, and the conduct itself, are continuing, and Jupitermedia would be required to bring a multiplicity of suits to achieve full compensation for the injuries caused thereby.

21. Unless restrained, the foregoing wrongful acts of Jupiter Hosting will continue to cause irreparable injury to Jupitermedia, both during the pendency of this action and thereafter. Jupitermedia is therefore entitled to an order from this Court preliminarily and permanently enjoining Jupiter Hosting and its agents, employees and others acting in concert with them, from directly or indirectly: (i) manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product or service which tends to relate or connect such product in any way to Jupitermedia or to any goods or services offered, provided, sold, manufactured, sponsored or approved by, or connected with Jupitermedia; (ii) using the Jupitermedia Marks, marks incorporating the term "Jupiter," or any other domain name or mark that is confusingly similar to the Jupitermedia Marks; and/or (iii) making any false description or representation of origin concerning any services offered for sale by plaintiff and counterclaim-defendant.

22. Jupitermedia is further entitled to recover damages sustained in consequence of Jupiter Hosting's wrongful conduct, in an amount to be determined; to recover Jupiter Hosting's profits; and to recover its attorneys' fees and other costs herein. Based upon the circumstances of the case, including the willful, deliberate and intentional nature of Jupiter Hosting's conduct, including the extent of the unlawful conduct, Jupitermedia is further entitled, pursuant to 15 U.S.C. Section 1117, to recover triple the amount found as actual damages.

<u>Third Claim for Relief</u>

(for Trademark Infringement and Unfair Competition
California Business and Professions Code § 17200, *et seq.*)

23. Jupitermedia specifically realleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 11, inclusive.

24.  The acts and conduct of plaintiff and counterclaim-defendant, as alleged above, constitute trademark infringement and unfair competition under California Business and Professions Code §§ 17200, *et seq.*, by reason of which Jupitermedia has suffered, and will continue to suffer, irreparable injury.

25.  Jupitermedia is entitled to an injunction preliminarily and permanently enjoining plaintiff and counterclaim-defendant from engaging in continued or further acts of unfair competition, and to disgorgement of all sums earned by reason of such unfair competition.

### Fourth Claim for Relief

(Common Law Unfair Competition.)

26.  Jupitermedia specifically realleges and incorporate herein by reference each and every allegation set forth above in paragraphs 1 through 11.

27.  The acts of Jupiter Hosting alleged herein, including its use of a very close variation on the Jupitermedia Marks, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Jupiter Hosting or Jupiter Hosting's services with Jupitermedia, or as to the sponsorship, or approval of Jupiter Hosting's services or commercial activities by Jupitermedia. Jupiter Hosting's actions further misrepresent the nature, characteristics or qualities of Jupiter Hosting's services or commercial activities.

28.  By reason of the foregoing, Jupiter Hosting has engaged in, and continues to engage in, acts of unfair competition in violation of California common law for which Jupitermedia has been harmed. Jupitermedia is entitled to an injunction preliminarily and permanently enjoining plaintiff and counterclaim-defendant from engaging in continued or further acts of unfair competition, and to damages according to proof. Further, in committing the foregoing acts of unfair competition, plaintiff and counterclaim-defendant is guilty of fraud, oppression and malice, and Jupiter Hosting is thereby entitled to recover punitive and exemplary damages.

Fifth Claim for Relief

(Violation of Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125)

29. Jupitermedia specifically realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 11 hereof.

30. By virtue of the long and continuous use of the Jupitermedia Marks in interstate commerce, they have acquired secondary meaning, and were distinctive at the time plaintiff and counterclaim-defendant registered the <jupiterhosting.com> domain name.

31. Plaintiff is informed and believes and thereupon alleges that plaintiff and counterclaim-defendant registered, with a bad faith intent to profit from, the Jupitermedia Marks and the <jupiterhosting.com> domain name, and that plaintiff and counterclaim-defendant uses, with a bad faith intent to profit from the Jupitermedia Marks, the <jupiterhosting.com> domain name by using it as the Internet address of the Infringing Web site, to sell services under the "Jupiter Hosting" name that are closely-related to services offered by Jupitermedia under the Jupitermedia Marks.

32. Plaintiff and counterclaim-defendant's <jupiterhosting.com> domain name and the Infringing Web site and the services offered thereon are, or contain material that is confusingly similar to the Jupitermedia Marks.

33. Plaintiff and counterclaim-defendant never, prior to the date that Jupitermedia's trademarks became valid, made use of the <jupiterhosting.com> domain name in connection with a bona fide offering of any goods or services.

34. Plaintiff and counterclaim-defendant's choice of <jupiterhosting.com> as a domain name was not based in any way on plaintiff and counterclaim-defendant's legal name or any name that otherwise was commonly used to identify plaintiff and counterclaim-defendant.

35. The acts of plaintiff and counterclaim-defendant alleged herein are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association with Jupitermedia of Jupiter Hosting's services or commercial activities. Jupiter Hosting's actions further misrepresent the nature, characteristics or qualities of its goods, services or commercial activities.

36. Jupitermedia has no adequate remedy at law for the foregoing wrongful conduct of plaintiff and counterclaim-defendant, in that: (i) Jupiter Hosting's actions damage and threaten to continue to damage Jupitermedia's unique and valuable property, injury to which cannot adequately be compensated by monetary damages; (ii) the damages to Jupitermedia from Jupiter Hosting's wrongful actions are not precisely and fully ascertainable; (iii) the wrongful acts of Jupiter Hosting injure and threaten to continue to injure Jupitermedia's reputation and goodwill; and (iv) the damages resulting to Jupitermedia from Jupiter Hosting's wrongful conduct, and the conduct itself, are continuing, and Jupitermedia would be required to bring a multiplicity of suits to achieve full compensation for the injuries caused thereby.

37. Unless restrained, the foregoing wrongful acts of plaintiff and counterclaim-defendant will continue to cause irreparable injury to Jupitermedia, both during the pendency of this action and thereafter. Therefore, this Court should enter orders preliminarily and permanently enjoining Jupiter Hosting and its subsidiaries, agents, employees and others acting in concert with them from directly or indirectly: (i) using or trafficking in the <jupiterhosting.com> domain name; (ii) registering, using or trafficking in Internet domain names that are dilutive of or confusingly similar to the Jupitermedia Marks; and (iii) requiring Jupiter Hosting to forfeit and to transfer to Jupitermedia the <jupiterhosting.com> domain name and any and all other domain names that the Court determines to be confusingly similar to or to dilute the Jupitermedia Marks.

38. Jupitermedia is further entitled to recover damages sustained in consequence of Jupiter Hosting's wrongful conduct, in an amount to be determined; to recover Jupiter Hosting's profits; and to recover its attorneys' fees and other costs herein. Based upon the circumstances of the case, including the willful, deliberate and intentional nature of Jupiter Hosting's conduct, including the extent of the unlawful conduct, Jupitermedia is further entitled, pursuant to 15 U.S.C. § 1117(c), to recover statutory damages of $100,000.

WHEREFORE, Jupitermedia pray for judgment as follows:

1. On each and every Claim for Relief alleged herein, for preliminary and permanent injunctive relief, including the transfer of the <jupiterhosting.com> domain name and any other domain names that are confusingly similar to the Jupitermedia Marks, as hereinabove described;

2. On each and every Claim for Relief alleged herein, for damages according to proof;

3. On the First, Second and Fifth Claims for Relief alleged herein, for attorneys' fees, disgorgement of plaintiff and counterclaim-defendant's profits and enhanced or statutory damages as provided by law;

4. For its costs of suit herein; and

5. For such other, further or different relief as this Court may deem just and proper.

DATED: June 3, 2004

JOHN C. RAWLS
SARAH SILBERT
**FULBRIGHT & JAWORSKI L.L.P.**

By _/s/ Sarah Silbert_
John C. Rawls
Sarah Silbert
Attorneys for Defendant and Counterclaimant
Jupitermedia Corporation

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), defendant and counterclaimant Jupitermedia hereby demands trial by jury of all issues so triable that are raised herein or which hereinafter may be raised in this action.

DATED: June 3, 2004

JOHN C. RAWLS
SARAH SILBERT
**FULBRIGHT & JAWORSKI L.L.P.**

By _/s/ Sarah Silbert_
John C. Rawls
Sarah Silbert
Attorneys for Defendant and Counterclaimant
Jupitermedia Corporation