United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JUPITER HOSTING, INC.,

    Plaintiff(s),

vs.

JUPITERMEDIA CORP.,

    Defendant(s).

No. C 04-1820 CW (MEJ)

**ORDER COMPELLING FURTHER 30(b)(6) DEPOSITION**

    The Court is in receipt of the parties' Joint Meet and Confer Statement, filed June 28, 2005. In the letter, plaintiff Jupiter Hosting ("Plaintiff") seeks to compel defendant Jupitermedia Corporation ("Defendant") to designate a witness or witnesses knowledgeable on certain topics as stated in Plaintiff's Notice of Deposition. Specifically, Defendant designated its VP and General Counsel, Mitchell Eisenberg, to appear to testify on its behalf. Plaintiff argues that Mr. Eisenberg was wholly unprepared and did not know the answers to basic questions, including value of trademarks and damages, actual confusion, license agreements and documents, and third-party marks. In response, Defendant argues that the notice set forth 47 topics of inquiry and Plaintiff refused to narrow the scope of the noticed topics.

    Federal Rule of Civil Procedure 30(b)(6) provides that one seeking discovery may name as a deponent, in either the party notice or in a non-party subpoena, the "corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested." Upon receipt of such a subpoena, the corporation, agency, or other governmental organization is obligated to select and produce for deposition, officers, directors or any other person with knowledge to describe with particularity the matters examined. *Id.* Once the corporation or

association designates a person to testify on its behalf, the corporation appears vicariously through that person.  *U.S. v. Taylor*, 166 F.R.D. 356, 361 (E.D. N.C. 1996).

The district court in *Alexander v. Federal Bureau of Investigation*, 186 F.R.D. 137, 141 (D. D.C. 1998), lists several affirmative obligations and duties that have been consistently recognized in every court opinion in connection with a Rule 30(b)(6) deposition notice.  First, Rule 30(b)(6) imposes on the deponent a "duty of being knowledgeable on the subject matter identified as the area of inquiry."  *Id.*  Second, the designating party has a duty to "prepare the witness to testify on matters not only known by the deponent, but those that should be reasonably known by the designating party."  *Id.*  This is because the purpose of a Rule 30(b)(6) deposition is to get answers on the subject matter described with "reasonable particularity" rather than answers "limited to what the deponent knows."  *Id.*  Finally, the designating party has a duty to substitute an appropriate deponent when it becomes apparent that the previous deponent is unable to respond to certain relevant areas of inquiry.  *Id.*

Here, the Court finds that Defendant has failed to meet its burden under Rule 30(b)(6).  Defendant does not argue that Mr. Eisenberg was adequately prepared regarding the nine topics in dispute.  Rather, it argues that the noticed topics were overbroad.  Were this the case, Defendant should have brought the dispute to the Court's attention; it did not.  Moreover, upon review of the parties' letter, it is apparent that these topics are relevant to the instant litigation.  Accordingly, within 21 days from the date of this Order, the Court hereby ORDERS Defendant to produce and prepare a witness or witnesses who has knowledge of the matters described in the parties' letter.  Further, because Defendant failed to meet its obligations under Rule 30(b)(6) and failed to bring any objections to the Court's attention before producing Mr. Eisenberg, the Court further ORDERS that Defendant shall produce its 30(b)(6) witness or witnesses in the Northern District of California.

**IT IS SO ORDERED.**

Dated: July 7, 2005

MARIA-ELENA JAMES
United States Magistrate Judge